USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
   UNITED STATES OF AMERICA         :
                                                      :
        -against-                    :        18-CR-526 (VEC)
                                                      :        24-CV-9226 (VEC)
   TOMAS COLON,                     :
                                                        :        MEMORANDUM
                             Defendant.     :        OPINION & ORDER
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       Defendant, proceeding *pro se*, moved pursuant to 28 U.S.C. § 2255 to vacate his 151-month sentence because his counsel was ineffective. See Def. Mot., Dkt. 440. He was sentenced based on a guilty plea entered pursuant to a plea agreement. See Plea Tr., Dkt. 403, at 14–16. The Government opposed Defendant's motion. See Gov't Mem., Dkt. 442.

       Although Defendant did not appeal his sentence, *see* Def. Mot. at 5–12, his "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Ineffective assistance of counsel claims are evaluated under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Defendant must demonstrate that: (1) "counsel's performance was deficient;" and (2) he was prejudiced (i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). *Id.* at 687, 694.

       Defendant asserts that his counsel was ineffective because he: (1) induced Defendant to accept a guilty plea to a charge for which he could be sentenced to 151 months' imprisonment despite telling Defendant the maximum sentence was 60 months' imprisonment; (2) failed to contest at sentencing the "supervisor or manager" enhancement; (3) failed to contest at

1

sentencing the inclusion of Defendant's previous conviction in his criminal history score; and (4) failed to contest at sentencing the quantity of drugs for which Defendant was held responsible. *See* Def. Mot. at 5–12.

Because Defendant pled guilty, to demonstrate prejudice he "must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005). Defendant cannot demonstrate that he would not have pled guilty but for his attorney's alleged misrepresentation that his maximum sentence was 60 months' imprisonment because the Court informed Defendant, prior to his guilty plea, that "the maximum possible penalty for this crime is a term of imprisonment of up to 40 years." Plea Tr. at 9. Defendant orally affirmed that he understood. *Id.* at 10. Thus, regardless of what counsel may or may not have informed Defendant before the plea, he pled guilty knowing the maximum possible term of imprisonment was 40 years.

Defendant also cannot demonstrate his attorney's assistance was deficient because he did not challenge at sentencing that Defendant was a "manager or supervisor" of criminal activity. Sentencing Tr., Dkt. 427, at 4. Defendant confirmed at the plea hearing that he had read and discussed the Plea Agreement with his attorney before signing it, Plea Tr. at 15; in the Plea Agreement, Defendant stipulated that he was a manager or supervisor of the charged criminal activity, Plea Agreement, Dkt. 442-1, at 2. To state the obvious, defense counsel was not deficient for failing to contest a leadership enhancement to which Defendant expressly agreed, as counsel had no legal basis to contest the enhancement. *See Strickland*, 466 U.S. at 688 (requiring counsel's performance to fall "below an objective standard of reasonableness").

For the same reason, defense counsel's performance in not contesting the inclusion of a 2005 conviction when calculating Defendant's criminal history was not deficient. Defendant stipulated in the Plea Agreement that he had that conviction. *See* Plea Agreement at 3. Even if he had not so stipulated, Defendant cannot demonstrate prejudice because his criminal history category was not affected by the inclusion of the conviction.

Finally, Defendant's argument about his attorney's effectiveness vis-à-vis the quantity of drugs for which he was held responsible conflates the drug weight threshold necessary for triggering the statutory minimums and maximums under 21 U.S.C. § 841(b)(1)(B) with the drug quantities for which he was responsible. In the Plea Agreement, he stipulated that his offense involved distribution of at least 15 kilograms of heroin and at least 70 kilograms of cocaine. *See* Plea Agreement at 2. Having stipulated to those quantities in the Plea Agreement, defense counsel had no basis to contest the quantities of drugs for which Defendant was held responsible at sentencing. In light of the Plea Agreement and the strength of the evidence, Sentencing Tr. at 31 (noting that the drug weight estimate was "likely on the low side, given the proffered evidence from" a witness), defense counsel was not ineffective when he failed to contest the amounts of drugs for which Defendant was held responsible.

For those reasons, Defendant's motion to vacate his sentence is DENIED. Defendant has not demonstrated that counsel's performance was deficient for failing to challenge facts Defendant expressly agreed to in the Plea Agreement. At the time of Defendant's guilty plea, the Court confirmed that Defendant had read the Plea Agreement and was aware of the maximum sentence he faced. Plea Tr. at 9–10, 15. He has failed to demonstrate prejudice for the reasons stated above, and because the Plea Agreement lessened the severity of the sentence he would

have faced "if convicted at trial." *Abramo v. United States*, 2014 WL 1171735, at *11 (S.D.N.Y. Mar. 21, 2014) (citation omitted).

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Tomas Colon, Reg. No. 09846-510, at FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT 06811, and to note the mailing on the docket.

The Clerk is also directed to terminate the open motion at Dkt. 440 and close the related civil action *Colon v. United States*, 24-CV-9226.

**SO ORDERED.**

**Dated: August 26, 2025**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**